IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TINA STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00127-BP |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Tina Stewart ("Stewart") applied for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. Stewart exhausted her administrative remedies and filed an appeal in this Court. At issue is whether substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Stewart is generally capable of performing sedentary work and whether the ALJ applied the correct legal standard in reaching his conclusion. Finding that substantial evidence supports the decision and that the ALJ applied the correct legal standard, the Court **AFFIRMS** the Commissioner's denial of Stewart's application and **DISMISSES** the case.

**I.      BACKGROUND**

Stewart first applied for DIB on July 28, 2020, alleging that she became disabled as of April 8, 2019. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF Nos. 12-1, 2 at 118, 412. The Commissioner denied her application initially and upon reconsideration. *Id.* at 178-81, 188-90. Stewart challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision. *Id.* at 140-60.

Stewart appealed the decision to the Social Security Appeals Council ("AC"), which granted her request for review and remanded the case back to the ALJ for further proceedings. Tr. 161-65. The ALJ held another hearing and found that Stewart was not disabled. Tr. 12-34. Stewart again appealed the decision to the AC, which this time denied review. Tr. 1-6. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Thereafter, Stewart filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.    STANDARD OF REVIEW

Title II of the SSA governs the DIB program. *See* 42 U.S.C. §§ 401-434. Claimants seeking benefits under the program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for supplemental security income"). A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* §§ 404.1572, 416.972. Second, the

claimant must have a severe impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpart P, app. 1).

Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4), (e)-(f), 416.920(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* §§ 404.1560(b)(1), 416.960(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence

is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.  ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 12-34. First, the ALJ found that Stewart had not engaged in substantial gainful activity since July 1, 2020. *Id*. at 17. Second, he found three medically severe impairments: residuals of a cerebrovascular accident ("CVA"), lumbar spine degenerative disc disease, and diabetes mellitus. *Id.* The ALJ also found two non-severe medical impairments: hypertension and obesity. *Id.* at 18.

Third, he identified no impairment or combination of impairments that qualified under the federal regulatory list. Tr. 18.

The ALJ then assessed Stewart's RFC:

After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: she is able to stand and walk for up to 2 hours with the use of a cane. The claimant cannot reach overhead with her right arm, climb ladders, work at unprotected heights, or crawl. She is able to handle and finger frequently with her right hand. The claimant is able to climb ramps and stairs,

balance, kneel, crouch, or operate a motor vehicle occasionally. She can stoop frequently. The claimant is able to work occasionally around moving mechanical parts and occasionally operate a motor vehicle as part of her work duties.

Tr. 19. Using this RFC and relying on testimony from a vocational expert ("VE"), the ALJ determined at step four that Stewart could not perform PRW. Tr. 25. The ALJ concluded at step five that Stewart's age, education, work experience, and RFC still allowed her to perform the requirements of a significant number of jobs, including those of an addresser; order clerk, food and beverage; and charge account clerk. *Id.* at 25-26.

The step-five finding meant that Stewart was ineligible for DIB because she was not disabled. *Id.* at 26; *see Lovelace*, 813 F.2d at 58. The ALJ then found Stewart "not disabled" under §§ 216(i) and 223(d) of the SSA. Tr. 26-27. Stewart urges reversal, arguing that the ALJ failed to properly consider her vision, hearing, and ambulatory impairments. ECF No. 13.

### A.   Substantial evidence supports the ALJ's findings related to Stewart's vision.

Regarding Stewarts vision and hearing, the ALJ wrote that:

> As for the claimant's vision, she can be corrected to 20/20 central visual acuity bilaterally ([Tr. 642-53; 784-92]). She still drives short distances (hearing testimony). The claimant's hearing did not interfere with her communication at the Consultative Examination or either of her hearings with the undersigned ([Tr. 784-93]). The evidence before the undersigned does not suggest that the claimant's healthcare providers observed difficulty communicating with the claimant or in her ability to safely navigate her environment. Further, the claimant did not allege difficulty performing basic work activities due to hearing or vision limitations (hearing testimony). The [RFC] includes environmental and postural limitations designed to minimize the claimant's exposure to conditions that could exacerbate her symptoms or expose her to hazards. In sum, the claimant remains capable of sedentary exertion with the limitations identified above.

Tr. 22-23. Stewart disputes that her vision "can be corrected to 20/20 *central* visual acuity." *Id.* (emphasis added); ECF No. 13 at 6. She argues that the ALJ did not rely on Dr. Roy York's medical records that show that Stewart cannot see anything on the right side of both of her eyes. Tr. 648,

651. Stewart argues that the ALJ instead improperly relied only on Dr. Mohamed Shabana's consultative exam, which the ALJ ultimately found unpersuasive. ECF No. 13 at 8-9, 12.

Stewart's argument is not persuasive. The ALJ cited to Dr. York's report five times in his decision, including once in support of the very statement that Stewart disputes. *See* Tr. 21-23. Specifically, Dr. York found that "although there is an obvious loss of the right visual field," Stewart's "best central visual acuity remains at 20/20" in both eyes. Tr. 652. Accordingly, the ALJ properly relied upon Dr. York's report, which supported the ALJ's findings. Therefore, substantial evidence exists in the record that supports the ALJ's finding regarding Stewart's vision.

Stewart next questions the ALJ's reliance on record evidence that Stewart still drives. ECF No. 13 at 13; *see also* Tr. 22. Stewart cites to the Disability Determination Explanation, dated August 8, 2021, which provides that Stewart "should avoid activities requiring exposure to operating moving vehicles, working at hazardous heights and with hazardous machinery." ECF No. 13 at 13 (citing Tr. 133). She directs the Court to other evidence she deems inconsistent with the RFC, including that she tripped over things, fell repeatedly, can no longer read or write, does not cook, and cannot pay her bills because she can no longer read or write. ECF No. 13 (citing Tr. 930, 966, 968-69, 1087, 466-73).

In making these arguments, Stewart essentially asks the Court to reweigh the evidence and assign more weight or a different meaning to individual medical reports, diagnoses, or other pieces of evidence than the ALJ did. This is not a proper challenge to the ALJ's RFC and disability determination. Rather, it is an argument that the ALJ did not give enough weight to those parts of the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The ALJ considered not only Stewart's ability to drive, but also her ability to perform light household chores and handle her personal care.

Tr. 22. The ALJ properly considers this type of evidence in evaluating a claimant's allegations of disability. *See Griego v. Sullivan*, 940 F.2d 942, 944-45 (5th Cir. 1991). The Court finds that the ALJ "buil[t] an accurate and logical bridge between the evidence and the final determination" and "allow[s] a subsequent reviewer or reviewing court to trace the path of [his] reasoning." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010); 82 Fed. Reg. 5858 (Jan. 18, 2017). Accordingly, substantial evidence supports the ALJ's findings as to Stewart's vision, and remand is not warranted on this issue.

      **B.**    **Substantial evidence supports the ALJ's evaluation of Stewart's ability to hear and ambulate.**

Stewart also argues that the ALJ erred in his analysis of her ability to hear. ECF No. 13 at 14. The ALJ considered Stewart's hearing test results, which "revealed moderate rising to mild sensorineural hearing loss in [Stewart's] left hear and moderate sensorineural hearing loss in [her] right." Tr. 21 (citing Tr. 775). In evaluating Stewart's ability to hear, the ALJ relied on his observations of her demeanor at her hearings with the ALJ, the consultative exam report (which was "[u]nable to substantiate [Stewart's] claims of hearing loss" (Tr. 789)), and his finding that the record contained no evidence that Stewart's "healthcare providers observed difficulty communicating with [Stewart] or in her ability to safely navigate the environment." Tr. 23-24 (citing Tr. 789). He also observed that Stewart "did not allege difficulty performing basic work activities due to hearing . . . limitations (hearing testimony)." *Id.*; *see also* Tr. 56 (Stewart told the ALJ in the hearing that he had "pretty much covered everything," even though the ALJ had not inquired about Stewart's ability to hear.). The ALJ concluded that Stewart "remains capable of sedentary exertion" in accordance with the limitations identified in the RFC. Tr. 23.

Stewart argues that no medical evidence supports the ALJ's finding concerning her hearing. ECF No. 13 at 14-15 But the ALJ does rely on medical evidence from the record in

7

addition to Stewart's demeanor and communication ability from the hearing. Tr. 21, 23. "While exclusive reliance upon demeanor in credibility determinations is inappropriate, *see Lovelace*, 813 F.2d at 59-60, it is not reversible error for an ALJ to consider demeanor as one of several factors in evaluating a claimant's credibility[.]" *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Burnside ex rel. Burnside v. Bowen*, 845 F.2d 587, 592 (5th Cir.1988)). A reasonable mind could, based upon this evidence, accept the ALJ's conclusion that Stewart's conditions did not preclude her from performing the work outlined in the ALJ's RFC. *Ripley*, 67 F.3d at 555. Stewart also urges reversal because of other parts of the record on this point that the ALJ did not mention. ECF No. 13 at 15-16. However, "[t]he ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price*, 401 F. App'x at 986. The Court finds that such a bridge exists, and reversal is inappropriate here.

 Finally, the ALJ found that Stewart's "use of a two-handed assistive device [(or a walker)] is not medically necessary." Tr. 22 (citing Tr. 784-92, 793-836, 917-55, 995-97, 1017-93). Stewart disputes this finding, but she does not argue that substantial evidence does not support it. ECF No. 13 at 16-19. Instead, she asks the Court to ascribe more weight to certain parts of the record to reverse the ALJ's conclusion. This simply is not the Court's role. *Price*, 401 F. App'x at 986. As the ALJ noted, the record reflected that Stewart had normal gait and mobility (Tr. 996, 1018, 1021, 1023, 1025), had normal strength and muscle tone in her bilateral upper and lower extremities (Tr. 803, 929), and normal sensation (Tr. 816). Accordingly, substantial evidence in the record supported the ALJ's finding that Stewart did not require a wheeled walker to ambulate. The weight of this evidence to which the ALJ cited and the relative weight of the evidence Stewart relies on is beyond the purview of this Court to reweigh.

## IV.   CONCLUSION

Because the ALJ employed proper legal standards and substantial evidence in the record supports the ALJ's conclusions regarding Stewart's RFC, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case.

It is so **ORDERED** on July 18, 2024.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9